## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CORY MCDONALD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>(2) GORE NITROGEN PUMPING SERVICE, LLC, and (3) GARY GORE,<br><br>      Defendants. | Case No.: CIV-18-1010-G<br><br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Plaintiff Cory McDonald brings this collective action individually and on behalf of those similarly situated against Defendants Gore Nitrogen Pumping Service, Inc. ("Gore Nitrogen") and Gary Gore, and in support shows the Court the following:

### NATURE OF SUIT

2. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

3. Defendants provide oilfield services and products to their oilfield drilling and production customers at well sites in Oklahoma and other oil-producing regions in the United States.

4. Defendants employ non-supervisory oilfield workers ("Oilfield Workers") to perform the manual and technical work necessary to provide products and services to customers at job sites.

5. Defendants violated the FLSA by paying their Oilfield Workers pursuant to a policy (the "Overtime Misclassification Policy") that misclassified Oilfield Workers as exempt from overtime, paid them on a salary basis, and failed to pay the Oilfield Workers overtime despite their regularly working over 40 hours per workweek.

## PARTIES

6. Plaintiff worked for Defendants as an Oilfield Worker, and specifically as a field operator, within two years of this action's filing. His consent to participate is attached to this Complaint.

7. Plaintiff brings this action individually and on behalf of those similarly situated (the "Class Members") pursuant to the FLSA. The Class Members consist of Defendants' current and former Oilfield Workers who received pay on a salary basis without overtime and worked in excess of 40 hours in at least one workweek within the three years prior to this action's filing. This definition includes all of Defendants' oilfield workers paid on a salary basis, including, without limitation, Defendants' pump operators, nitrogen operators, fluid pump operators, equipment operators, treatment analysts, and sand haulers whose job duties involved performing manual and technical labor at job sites to provide Defendants' services and products to their customers at well sites.

8. Gore Nitrogen Pumping Service, LLC is an Oklahoma limited liability company. It may be served by serving its registered agent for service of process: Gary Gore, 916 N. Elm, Seiling, Oklahoma 73663.

9. Gary Gore is a natural person. He may be served by service upon him at his place of business at 916 N. Elm, Seiling, Oklahoma 73663, at 401 E. Scissortail Ln., Seiling, Oklahoma 73663, or wherever he may be found.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Plaintiff performed work for Defendants in this District.

12. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Gore Nitrogen Pumping Service, LLC and Gary Gore reside in this District.

## COVERAGE UNDER THE FLSA

13. At all relevant times, each Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

14. At all relevant times, Defendants constituted employers or joint employers within the meaning of the FLSA, 29 U.S.C. §203(d).

15. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an

annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members handled oilfield equipment and tools to perform manual and technical labor to provide Defendants' products and services for customers at job sites.

16. At all relevant times, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §203(e)(1).

### FACTUAL ALLEGATIONS

17. Plaintiff incorporates by reference all allegations previously made in this Complaint.

18. Defendants have had business operations throughout the United States, including in Oklahoma and this judicial district, and their annual gross volume of sales made or business done exceeds $500,000.00 per year during the relevant time period.

19. Gary Gore is the owner, manager, and member of Gore Nitrogen. Gary Gore has joint employer liability based on his exertion of operational control over Gore Nitrogen. The operational control he exerted and continues to exert includes making hiring and firing decision, establishing pay rates, determining methods of payment and compensation policies and practices, and controlling/establishing company rules. Additionally, Gary Gore has responsibility for the specific FLSA violations at issue. Specifically, Gary Gore: (1) implemented and enforced the Overtime Misclassification Policy; (2) instructed Plaintiff and the Class Members that they did not have to clock-in when they reported for work; (3) failed to keep proper employment records for Plaintiff

and the Class Members; and (4) failed to keep any proper time records for the hours worked by Plaintiff and the Class Members during their employment.

20. Plaintiff worked as an Oilfield Worker for Defendants from approximately January 2018 to July 2018.

21. As an Oilfield Worker, Plaintiff's primary job duties consisted of performing manual and technical labor at jobsites to provide Defendants' oilfield products and services to customers at well sites.

22. Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance to Defendants.

23. Plaintiff routinely worked over 40 hours per week.

24. Defendants did not pay Plaintiff overtime pay for all hours he worked in excess of 40 per workweek.

25. Instead of providing Plaintiff with overtime pay, Defendants classified Plaintiff as exempt and paid him a salary with no overtime pay for his many hours of overtime work.

26. Defendants knew Plaintiff worked in excess of 40 hours per week.

27. Plaintiff is entitled to receive overtime pay for all the hours he worked in excess of 40 per workweek.

28. As oilfield workers, the Class Members' primary job duties consisted of performing manual and technical labor to provide Defendants' oilfield products and services to customers at well sites.

29. The Class Members' job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance to Defendants.

30. The Class Members routinely worked over 40 hours per week.

31. Instead of providing the Class Members with overtime pay, Defendants classified the Class Members as exempt and paid them a salary with no overtime pay for their many hours of overtime work.

32. Defendants knew the Class Members worked in excess of 40 hours per week.

33. The Class Members are entitled to receive overtime pay for all hours they worked in excess of 40 per workweek.

34. Defendants willfully misclassified Plaintiff and the Class Members as exempt and refused to pay them overtime pay despite (1) having awareness of the FLSA's overtime requirements; (2) routinely receiving complaints from Plaintiff and the Class Members regarding their pay and not being paid for overtime hours; and (3) paying workers who performed substantially similar nonexempt duties on an hourly/overtime eligible basis, but choosing not to pay Plaintiff and the Class Members overtime.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff and the Class Members shared the same or similar non-exempt job duties as one another, which duties consisted of providing manual and technical labor to provide Defendants' oilfield services to customers at job sites. Plaintiff and the Class Members all were subjected to the same illegal Overtime Misclassification Policy that

misclassified them as exempt from overtime, paid them on a salary basis and denied them overtime for hours worked in excess of 40 hours per workweek. Accordingly, the Plaintiff and the Class Members are similarly situated to one another in regards to their job duties and pay provisions.

36. Defendants' failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices that do not depend on the personal circumstances of the Class Members. Accordingly, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to the Plaintiff and the Class Members.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff incorporates by reference all allegations previously made in this Complaint.

38. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C. §§206-7, and 215(a)(2) by employing Plaintiff and the Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA without compensating for work in excess of 40 hours per week at rates no less than one-and-a-

half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

### **RELIEF SOUGHT**

39. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an order certifying this case as a collective action for the purposes of the FLSA claims and directing notice to all Class Members covered by this case;

   b. For an order finding Defendants liable for violations of state and federal wage laws with respect to Plaintiff and all Class Members covered by this case;

   c. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Class Members covered by this case;

   d. For a judgment awarding Plaintiff and all Class Members covered by this case their costs of this action;

   e. For a judgment awarding Plaintiff and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law, and

   f. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/* Steven T. Horton
Steven T. Horton, OBA No. 14589
HORTON LAW FIRM
114 N.W. 6th Street, Suite 201
Oklahoma City, Oklahoma 73102
Telephone:   405/606-8080
Facsimile:   405/606-8088
E-mail:       shorton@coxinet.net

*-and-*

Travis M. Hedgpeth
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
5438 Rutherglenn Drive
Houston, Texas 77096
E-Mail:       travis@hedgpethlaw.com
*(Pro Hac Vice Pending Approval)*

**Attorneys for Plaintiff**

**ATTORNEYS' LIEN CLAIMED**