# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CORY MCDONALD, individually and on behalf of all others similarly situated,** ) ) ) ) **Plaintiff,** ) ) **v.** ) ) **GORE NITROGEN PUMPING SERVICE, LLC, and GARY GORE,** ) ) ) ) ) **Defendants.** ) | Case No. CIV-18-1010-G |

## ORDER

Now before the Court is Defendants' Motion to Dismiss (Doc. No. 14), filed on December 3, 2018. Plaintiff has responded in opposition (Doc. No. 16), and Defendants have replied (Doc. No. 19). Upon consideration of the parties' submissions, the Court denies Defendants' motion.

SUMMARY OF THE PLEADING

Plaintiff Cory McDonald brings this action on behalf of himself and others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"). Defendants provide a range of specialized oilfield services to clients in Oklahoma, Kansas, Texas, Arkansas, and Eastern Colorado. *See* Am. Compl. (Doc. No. 13) at 1.[1] Plaintiff worked for Defendants as a "Fracturing Specialist" and "Frac Hand" from approximately

---

[1] Citations to documents filed in this Court use the page and exhibit numbers assigned by CM/ECF.

January 2018 to July 2018. *Id*. at 2, 5. Plaintiff's job involved "Oilfield Work, including transporting, loading, unloading, rigging up, rigging down, and operating oilfield equipment at well sites for Defendant's customers." *Id*. at 5. According to Plaintiff, Defendants consistently worked Plaintiff more than 40 hours a week and did not pay him any overtime pay. *Id*. at 6.

Further, Plaintiff alleges that Defendants made a policy of this practice—i.e., that they consistently overworked many other similarly situated employees without providing overtime pay. *Id*. Thus, rather than bring this action purely on his own behalf, Plaintiff also brings this action on behalf of a group of employees:

> The similarly situated "FLSA Class Members" consist of Defendants' current and former non-supervisory Field Employees (1) who received pay on a salary basis; (2) whose job duties included Oilfield Work or similar job duties; and (3) who worked over 40 hours in at least one workweek over the past three years without receiving overtime pay. The FLSA Class Members include, without limitation, individuals that worked under the job titles of "Frac Hand," "Pump Hand," "Fracturing Specialist," "Nitrogen Pumping Specialist," "Fluid Pump Operator," "Nitrogen Operator," "Equipment Operator," "Treatment Analyst," and other non-supervisory job titles performing similar work that include the term "Specialist," "Hand" or "Operator" in the job title that Defendants subjected to their OT Misclassification Policy.

*Id*. at 2-3 (footnotes omitted). Plaintiff alleges that, similarly to himself, these employees "performed the manual and technical labor to provide the very services that Defendant offers as the primary output to their customers—the delivery and operation of oilfield equipment to customers at well sites." *Id*. at 5, 6.

ANALYSIS

Defendants move to dismiss both Plaintiff's individual FLSA claim and his collective action allegations. Regarding his individual claim, Defendants contend that they have not been provided with fair notice regarding whether Plaintiff is an appropriate representative. Defs.' Mot. at 20-21. And regarding the collective action allegations, Defendants maintain that the plaintiff group is vaguely and overinclusively defined. *See id.* at 9-20.

A Rule 12(b)(6) motion to dismiss challenges whether a complaint sets out a "statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)); *see also Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). To survive dismissal a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the well-pled factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law. *Iqbal*, 556 U.S. at 678, 679; *See Hunt v. Cent. Consol. Sch. Dist.,* 951 F.Supp.2d 1136, 1173 (D.N.M. 2013) ("[A] court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.").

Under the FLSA, overtime pay of one and a half times the employee's hourly rate is required for any hour worked over 40 hours in a week. *See* 29 U.S.C. § 207(a)(1). To state a claim for violation of the FLSA's overtime pay requirements, Plaintiff must allege: (1) that Defendants are "employers" under the Act; (2) that Plaintiff is an "employee" under the Act; (3) that Defendants employed Plaintiff's services; (4) that Plaintiff was required to work more than 40 hours in a single work week; and (5) that Plaintiff did not receive compensation at a rate of 1.5 times his normal hourly rate for the hours he worked over 40 in that week. *See id.*; *Cooper v. Coil Chem., LLC*, No. CIV-16-473-D, 2016 WL 7168235, at *2 (W.D. Okla. Dec. 8, 2016).

A. *Plaintiff's Individual Claim*

Defendants contend that dismissal of Plaintiff's individual claim is warranted because Plaintiff's job definition is impermissibly overbroad, thereby precluding Defendants from determining what work Plaintiff performed and from properly evaluating whether Plaintiff is a suitable representative plaintiff for an FLSA collective action. *See* Defs.' Mot. at 20-21. In the Amended Complaint, Plaintiff identified his position as a "non-supervisory Field Employee," and noted that "Defendant referred to Plaintiff's specific job title in multiple ways during his employment, including referring to his position as 'Fracturing Specialist' and 'Frac Hand.'" Am. Compl. at 2.

Though Defendants object to Plaintiff's job description, they do not argue that it is inadequate to plausibly show that Plaintiff is "an 'employee' as defined by the [FLSA]" or that Defendants "employed Plaintiff's services." *Cooper*, 2016 WL 7168235, at *2 (citing 29 U.S.C. § 207(a)(1)). Indeed, Defendants do not identify any element of an FLSA claim

4

that Plaintiff has failed to adequately allege. Nor do Defendants point to any authority suggesting that Plaintiff's adequacy as a FLSA representative plaintiff is relevant to the inquiry of whether Plaintiff has adequately alleged an individual FLSA claim under Rule 12(b)(6).

Accordingly, Defendants have not shown that the allegations contained in the Amended Complaint fail to state a plausible claim for relief as to Plaintiff's individual FLSA claim. Defendants' motion to dismiss the individual FLSA claim is denied.

B.   *Plaintiff's Collective Action*

Defendants further contend that Plaintiff's collective-action allegations should be dismissed. Dismissal of an FLSA collective action based exclusively on the pleadings is an "extreme remedy." *Cooper*, 2016 WL 7168235 at *4. Rather than conduct a full inquiry into the collective-action allegations when those allegations are challenged in a motion to dismiss, "[c]ourts in this circuit and elsewhere . . . simply address whether the complaint has stated a plausible entitlement to relief under Rule 12(b)(6)." *Id*.

The FLSA permits an employee to bring an action for unpaid minimum or overtime wages "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Thus, "[t]o state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff." *See Smith v. Pizza Hut, Inc.,* No. 09-cv-01632-CMA-BNB, 2011 WL 2791331, at *5 (D. Colo. July 14, 2011).

The FLSA does not define the term "similarly situated"; however, courts in this circuit have applied an approach outlined in *Thiessen v. General Electric Capital Corp.* to

make this determination.[2] *Thiessen*, 267 F.3d 1095, 1102 (10th Cir. 2001). The first step—the notice stage—occurs before discovery on a motion for conditional certification. *See Smith*, 2011 WL 2791331, at *5. The notice stage "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (alteration and internal quotation marks omitted). The second stage, commonly referred to as the decertification stage, occurs at the conclusion of discovery and invokes a stricter level of review. *See Whitlow*, 322 F.R.D. at 420. At the second stage, the Court considers "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filing required . . . ." *Thiessen*, 267 F.3d at 1103.

Accordingly, to survive Defendants' Motion, the Amended Complaint need only contain facts sufficient to create the plausible inference that the members of the proposed employee group were together the victims of a single decision, policy, or plan. *See Cooper*, 2016 WL 7168235, at *5 (citing *Thiessen*, 267 F.3d at 1102); *Smith*, 2011 WL 2791331, at *6 (denying motion to dismiss where plaintiffs "alleged facts sufficient to create the

---

[2] Although *Thiessen* directly addressed an Age Discrimination in Employment Act ("ADEA") collective action, the Tenth Circuit noted that 29 U.S.C. § 626(b), which authorizes collective actions under the ADEA, borrows the opt-in collective action mechanism of 29 U.S.C. § 216(b) of the FLSA. *See Thiessen*, 267 F.3d at 1102. This Court and others have therefore applied the *Thiessen* analysis to the certification process of collective actions under the FLSA. *See, e.g., Smith*, 2011 WL 2791331, at *5; *Whitlow v. Crescent Consulting,* LLC, 322 F.R.D. 417, 420 (W.D. Okla. 2017); *Saenz v. Erick Flowback Services LLC*, No. CIV-14-593-D, 2014 WL 7005358, at *1 (W.D. Okla. Oct. 23, 2014).

plausible inference that they [were] similarly situated because they were all subjected to Defendant's reimbursement policy"); *see also Deakin v. Magellan Health, Inc.*, No. 17-CV-0773-WJ-KK, 2018 WL 306805, at *3-4 (D.N.M. June 21, 2018).

Defendants take issue with several aspects of Plaintiff's collective action allegations. First, Defendants contend that allegations regarding job titles and duties for the proposed employee group leave the definition of that group vague and overbroad. As to job duties, Defendants point to descriptions in the Amended Complaint of "manual and technical labor" and "the operation of oilfield equipment," arguing that such definitions effectively embrace Defendants' entire workforce. Defs.' Mot. at 9-12. As to job titles, Defendants point to references in the Amended Complaint to "specialist" and "hand," as well as "operators" and "analysts," arguing that these descriptions likewise do not supply needed specificity. *Id.* at 12-15.

The Court finds that, while the Amended Complaint's proposed employee group includes persons performing different jobs, these differences are immaterial in light of the allegedly unlawful compensation scheme. *See, e.g., Aguilar v. Complete Landsculpture, Inc.,* No. Civ.A.3:04 CV 0776 D, 2004 WL 2293842, at *4 (N.D. Tex. Oct. 7, 2004) ("The claims of the putative class members are similar in that . . . they were compensated under the same regimen. . . . Thus under plaintiffs' theory of the case, the fact that [they] had somewhat different duties and rates of pay is immaterial."); *Crain v. Helmerich & Payne Int'l Drilling Co.,* Civ. A. No. 92-0043, 1992 WL 91946, at *3 (E.D. La. Apr. 16, 1992) ("That the plaintiffs and the potential claimants may have worked in different areas of the country, on different types of rigs, and performed different jobs is not dispositive. . . .

[W]hat matters is that the fundamental allegation—that according to company policy the time spent in job related meetings and training was uncompensated—is common to all the [FLSA] plaintiffs and dominates each of their claims." (citations and internal quotation marks omitted)). Plaintiff expressly alleges that "Plaintiff and the Class Members all were subjected to the same illegal OT Misclassification Policy that misclassified them as exempt from overtime, paid them on a salary basis and denied them overtime for hours worked in excess of 40 hours per workweek." Am. Compl. at 7. Taken as a whole, Plaintiff's allegations are sufficient to create a plausible inference that the putative class was similarly situated.

Moreover, while a motion to dismiss a collective action may be granted "if the complaint fails to provide fair notice of the 'similarly situated' putative class because the class is insufficiently defined or significantly overbroad," such is not the case here. *Deakin*, 2018 WL 3068058, at *3 (citing *Lenore v. Okla. Blood Inst.*, No. CIV-17-1326-M, 2018 WL 934872, at *2 (W.D. Okla. Feb. 16, 2018)); *see Cooper*, 2016 WL 7168235 at *4-5. For instance, in *Cooper v. Coil Chem, LLC*, this Court granted a motion to dismiss, finding that the proposed employee group of "all individuals employed by Coil Chem, LLC in the past 3 years who were paid a salary and a job bonus" was too broad to provide fair notice to the defendants of who the group would include. *Cooper*, 2016 WL 7168235 at *4. Comparatively, Plaintiff provides specific job titles, descriptions, and duties for his proposed employee group. *See* Am. Compl. at 3.

Defendants correctly note that the Amended Complaint includes nonspecific language, e.g. that the "Class Members include, without limitation . . . ," *id.* at 2-3, but that

8

language is read in context of the details that are provided. However, "[w]hether any such class as proposed by plaintiffs can be properly certified as an FLSA collective action class is a question for another day." *McCollum v. XTO Energy, Inc.*, No. CIV-18-080-HE, 2018 WL 4770864, at *1 (W.D. Okla. June 6, 2018) (denying motion to dismiss based on argument that "the proposed class definition fails to give [the defendant] fair notice of the class"); *see Deakin*, 2018 WL 3068058, at *4 ("While Defendants take issue with the label of 'CMEs' as applied to these positions, and with the broad scope of duties attributable to class members, Defendants' arguments are better-situated for a response opposing conditional certification."). The Court finds that Plaintiff has sufficiently defined the class with these specific criteria to provide Defendants with fair notice of the proposed employee group.

Defendants' final contention is that Plaintiff has failed to lay the proper factual foundation for the collective-action allegations. Specifically, Defendants challenge the notion that Plaintiff's allegations, based on his experience in Oklahoma, properly support a company-wide employee group. *See* Defs.' Mot. at 17-19. Moreover, Defendants maintain that Plaintiff has insufficiently alleged an unlawful payment scheme—rendering the allegations "nothing more than speculation." *Id.* at 19-20.

The Amended Complaint contains substantial factual allegations of a company-wide unlawful payment scheme. *See* Am. Compl. at 2, 6-8. Plaintiff alleges, for instance, that Defendant Gore implemented and enforced a misclassification policy by which Defendants "misclassified non-supervisory Field Employees as exempt from overtime, paid them on a salary basis[,] and refused to pay them overtime despite regularly working

9

over 40 hours per workweek." *Id.* at 2, 5. Plaintiff further alleges that Defendant Gore failed to keep proper employment records or time records and instructed Plaintiff and others that they did not need to clock in when they arrived for work. *Id.* at 5. The Court disagrees that these factual allegations constitute mere "threadbare recitals" of an element of the cause of action such that dismissal under Rule 12(b)(6) would be appropriate. *Iqbal*, 556 U.S. at 678; Defs.' Mot. at 19-20. Moreover, the face of the complaint is devoid of the notion that Plaintiff is basing his allegations purely on his experience in Oklahoma. Defendants seem to infer this, but at this stage all inferences are construed in Plaintiff's favor. *See Hunt,* 951 F.Supp.2d at 1174.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 14) is DENIED.

IT IS SO ORDERED this 13th day of February, 2019.

_____
CHARLES B. GOODWIN
United States District Judge